PER CURIAM.
In this Bar discipline proceeding, we review a recommendation of the referee that Clara A. Britton, a member of The Florida Bar, be publicly reprimanded for her conduct relating to the collection of fees and costs in an uncontested divorce case.
Respondent was asked by Mrs. Hedda Criss to represent her in a divorce action. Respondent agreed, and she informed her client that she would be charged the Bar fee schedule minimum ($300.00) and costs ($60.00). In consequence, Mrs. Criss paid respondent the requested sums. Thereafter, in the course of the proceedings, Mrs. Criss signed a stipulation agreement, which was also executed by her husband, requiring that he pay respondent attorney fees as the representative of Mrs. Criss, in addition to costs.
The husband honored the stipulation and paid respondent both fees and costs. Soon after the divorce was completed, Mr. and Mrs. Criss reconciled their differences and remarried. Only thereafter did Mrs. Criss find that respondent had received double compensation. Mrs. Criss requested that her money be returned, but respondent resisted and paid her only $150.00, of which at least $90.00 was characterized by respondent as being a donation to Mrs. Criss merely “on account of her need.” At the hearing before the referee, respondent stated that she felt she had a right to keep all sums received, and that the husband’s contribution was in the nature of a windfall.
We are in accord with the referee’s recommendation that respondent be found guilty of violating Article 11.02 of the Integration Rule, Canon 11 of the Canons of Professional Ethics, and Rules 1 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florid?, 32 F.S.A. We also agree with the recommended discipline' of public reprimand. Had. respondent been less truculent, less insistent that she was *526 entitled to all fees and costs paid, we would be inclined to administer a reprimand in private. We also note that respondent has previously stood before the Bar as the subject of discipline. This is not her first reprimand; in addition, she was once suspended from practice for three months for professional misconduct and for improper solicitation. The Florida Bar v. Britton, 181 So.2d 161 (Fla.1965).
It is the judgment of this Court that this opinion shall constitute a public reprimand of respondent, Clara A. Britton. Costs and reimbursements will not be assessed because they appear to have been paid by respondent subsequent to the filing of the referee’s recommendations with this Court.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.