PER CURIAM.
In this Bar discipline proceeding, we review a recommendation of the referee that Eugene J. Ethier, a member of The Florida Bar, be publicly reprimanded for his conduct relating to the dual representation of litigants in a divorce action.
In November 1969 respondent received $90.00 “on account” from Mr. Leslie Fitzgerald for tentatively initiating a divorce action against Mrs. Fitzgerald. Thereafter, respondent drew up a separation and property settlement agreement, but Mrs. Fitzgerald would not agree to it. No formal divorce proceedings were instituted, but respondent was not dismissed by his client, nor did he seek to withdraw his representation.
Subsequently, respondent accepted a retainer from Mrs. Fitzgerald, and in May 1970, he filed a divorce complaint, as her attorney, against Mr. Fitzgerald. In June 1970 respondent sent Mr. Fitzgerald a statement crediting part of his $90.00 to his wife’s account with respondent. He did not withdraw from Mrs. Fitzgerald's representation until August 1970, after being notified that Mr. Fitzgerald had filed a complaint with The Florida Bar.
The referee has recommended that respondent be found guilty of violating Rule 11.02 of Article XI of the Integration Rule, 32 F.S.A., Canons 6 and 37 of the Canons of Professional Ethics, 32 F.S.A., and Rules 4 and 17 of the Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A. It is further recommended that respondent be publicly reprimanded. The Bar has entered these review proceedings with a request that more stringent penalties be imposed, especially since respondent was previously given a private reprimand for similar conduct by the Board of Governors in November 1969. Respondent has chosen to let these proceedings run their course without participation on his part. He has filed no brief or response in this cause. Oral argument has been waived.
We are satisfied that the referee’s recommendation of a public reprimand will suffice here. See Florida Bar v. Britton, 255 So.2d 525 (Fla.1971). But respondent should realize that any further offense on his part will subject him to discipline beyond a reprimand. Violation of the obligation of fidelity to clients strikes at the heart of the ethical responsibilities of an attorney.
This opinion shall constitute a public reprimand of respondent, Eugene J. Ethier. *818 Execution is hereby directed to issue for costs against respondent in the amount of $142.50.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.